UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ASHLEY HENDERSON, | * | |
| | * | NO. |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| SENIOR LIVING CHATTANOOGA, LLC | * | |
| d/b/a STORYPOINT CHATTANOOGA and | * | |
| CSIG HOLDING COMPANY LLC d/b/a | * | |
| COMMON SAIL INVESTMENT GROUP, | * | |
| | * | |
| Defendants. | * | |

# COMPLAINT

Comes the Plaintiff, by and through her attorneys, and pursuant to Rule 3 of the Fed. R. Civ. P., for her Complaint against the Defendants would show unto the Court as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b) which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. Plaintiff brings this action to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants conduct significant business in this district and the events giving rise to the claims occurred in this district.

1

## II. Nature of Proceeding

4. This is an employment case in which Plaintiff seeks back pay, liquidated damages, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other remedies recoverable for violations of the FLSA.

## III. The Parties

5. Plaintiff is currently a resident of Cleveland, Bradley County, Tennessee.

6. Defendant Senior Living Chattanooga, LLC d/b/a StoryPoint Chattanooga ("StoryPoint'), is a Tennessee LLC with its principal office in Brighton, Michigan.[1] Together with the other Defendants, it operates and manages an assistant living facility in Chattanooga, Tennessee.

7. Defendant CSIG Holding Company LLC d/b/a Common Sail Investment Group ("Common Sail") is a private equity firm organized in the state of Michigan with its principal place of business in Brighton, Michigan.[2] Together with the other Defendants, it operates and manages an assistant living facility in Chattanooga, Tennessee.

8. Upon information and belief, Defendants are a joint and/or integrated "employer" within the definition of the FLSA, and all laws invoked herein. Both entities made the pay and other decisions that form the basis of the FLSA violations asserted herein. Both share common management and control over personnel decisions and labor relations.

9. Defendants, together and/or separately, meet the definition of an "employer" and an "individual" inasmuch as defined by Section 203(d) of the FLSA.

---

[1] There is no publicly available information disclosing who the member of this Defendant is. As such, that information cannot be updated until initial discovery is completed.

[2] There is no publicly available information disclosing who the member of this Defendant is. As such, that information cannot be updated until initial discovery is completed.

2

10. Plaintiff was an "employee" of Defendants as defined by Section 203(e)(1) of the FLSA.

11. While Plaintiff was employed by Defendants, Defendants (together or separately) were a covered enterprise as defined by Section 203(s)(1)(b) of the FLSA.

12. As such, the overtime and anti-relation provisions of the FLSA apply to Defendants and provide legal protection to Plaintiff relating to her employment with them.

### IV. BACKGROUND AND FACTS

13. Plaintiff began working for Defendants at their Chattanooga assisted living facility in March of 2023 as the Wellness Team Supervisor (WTS).

14. While working at the WTS, Plaintiff was paid on an hourly basis and classified as a non-exempt employee covered by the minimum wage and overtime provisions of the FLSA.

15. Despite being paid on an hourly basis, Plaintiff was not paid for all of her hours worked.

16. Plaintiff worked considerable time "off-the-clock" for Defendants.

17. When she was not at work at the facility, Plaintiff was expected to serve on an on-call basis 24/7 for no additional compensation.

18. While she was on call, Plaintiff was engaged to be waiting at all times.

19. While on call, Plaintiff was not permitted to utilize her on call time for her own purposes, had significant restrictions placed on her during her on call time, was frequently called to work during her on call time, and was disciplined when she did not do so in a manner sufficiently prompt by Defendants' standards.

20. Defendants were aware of Plaintiff's time working off-the-clock and of her significant on-call obligations/restrictions.

21. Plaintiff had a good faith belief that Defendants' pay practices violated the FLSA.

22. In fact, Defendants' pay practices did violate the FLSA.

23. Plaintiff attempted to address these violations internally through her chain of command. She was told by StoryPoint (via two different local managers) that her off-the-clock and on call time was not compensable.

24. Consequently, Plaintiff raised the issue with Common Sail Defendant. She was then instructed that she could only be paid $7.50 per day for on-call time or receive comp time for the same. When Plaintiff asked for the written policy relating to this, she was given one that did not apply to her circumstances.

25. Had it applied, it still would have not compensated her consistent with the FLSA.

26. Around the same time that Plaintiff raised concerns relating to her personal violations of the FLSA, Plaintiff also questioned why she was being asked to dock the time/pay of employees she supervised for breaks they did not receive.

27. Plaintiff also reached out to another WTS at a different Common Sail facility to discuss her manner of pay. During the call, Plaintiff communicated her concerns about working off-the-clock. Upon information and belief, Defendants became aware that Plaintiff was discussing this issue and communicating her concerns and opposition to it with employees of other facilities.

28. In raising her own complaints about being forced to work off-the-clock and on call for no compensation (which deprived her of overtime and other pay due) and in raising the issue of why she was being asked to work other employees off-the-clock, Plaintiff engaged in activity protected by Section 215 of the FLSA.

29. Shortly after engaging in protected activity, Defendants retaliated against Plaintiff.

30. Indeed, shortly after she opposed the FLSA violations alleged herein, Plaintiff was presented with a performance improvement plan ("PIP"). This was Plaintiff's first discipline.

31. The first item in the PIP criticized Plaintiff for not always being available on-call outside of the facility while she was off-the-clock. The PIP indicated that was a primary duty of her role.

32. Following her protected activity and upon information and belief, Defendants began micro-managing Plaintiff's performance, treated her with a cold shoulder, and asked others to keep logs of her on call response time (even during a period when Plaintiff was in the emergency room).

33. Following that, Plaintiff submitted in writing a complaint to Defendants making clear that she believed they were violating the FLSA.

34. Subsequently, Defendants held a meeting with Plaintiff during which she was berated and blamed for asserting these claims.

35. As a result, Plaintiff felt compelled to resign her employment with Defendants.

36. In her resignation notice, Plaintiff offered to work a notice period so she could find other employment.

37. Despite permitting/requiring other resigning employees to work during such notice periods, Plaintiff was told not to work during her notice period and instead her resignation was made effective immediately.

38. As a result of all of these actions, Plaintiff suffered damages.

## V. FLSA Violations

### a. Pay Violations

39. Defendants' pay practices set forth above violate the overtime provisions of the FLSA, 29 U.S.C. §§ 201 *et seq*. As a result, Plaintiff has sustained a loss of wages.

5

40. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

41. Defendants' failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

42. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

43. To the extent that her significant on call time off-the-clock rendered her pay to fall below minimum wage, Defendants violated the minimum wage requirements of the FLSA.

**b. Record-Keeping Violations**

44. Further, by failing to accurately record, report, and/or preserve records of all hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

**c. Prohibited Retaliation**

45. Plaintiff engaged in protected activity under the FLSA by questioning her manner of pay and whether it was consistent with the FLSA, by asking to be paid overtime for her on call hours, by questioning the legal of working other employees off-the-clock, and by otherwise complaining about or opposing acts declared unlawful by the FLSA.

46. Defendants retaliated against Plaintiff as a result.

47. Plaintiff suffered damages as a result.

48. By engaging in the aforementioned acts, Defendants also violated Section 215(a)(3) of the FLSA, which prohibits an employer from discharging or in any other manner discriminating

against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

### d. Willful Violation

49. The foregoing conduct on the part of Defendants constituted a willful violation, not in good faith, of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of federal law.

50. Plaintiff suffered damages as a result of Defendants' conduct and should recover all damages permitted by law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

a. Judgment against Defendants for an amount equal to unpaid back wages/overtime due at the applicable rates for all of Plaintiff's on-call and off-the-clock time;

b. Back pay and compensatory damages for Defendants' retaliation against Plaintiff;

c. Judgment against Defendants that its violations of the FLSA were willful;

d. An equal amount to Plaintiffs' unpaid wages as liquidated damages;

e. An award of punitive damages;

f. All recoverable costs, expenses, interest, and attorney's fees incurred in prosecuting these claims;

g. If applicable, leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

h. Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d);

i. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and

j. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

MIKEL & HAMILL PLLC

By: ___s/ *Donna J. Mikel*_____
     Donna J. Mikel, #020777
     Attorneys for Plaintiff
     620 Lindsay Street, Suite 200
     Chattanooga, TN 37403
     (423) 541-5400
     dmikel@mhemploymentlaw.com